UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEJLA KASSANDRA LANE
8745 W. Higgins Rd., Ste. 110,
Chicago, IL 60631

        Plaintiff

        Against

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530-00011

EXECUTIVE OFFICE OF IMMIGRATION REVIEW
5107 Leesburg Pike, 18th Floor
Falls Church, VA 220412

BOARD OF IMMIGRATION APPEALS
Office of the Chief Clerk
5107 Leesburg Pike, Suite 2000
Falls Church, VA 2204

        Defendants

Case No.:

COMPLAINT

### DESCRIPTION OF ACTION

**1.** This is an action brought by Nejla Kassandra Lane to hold unlawful and set aside the Decision of the Board of Immigration Appeals of November 1, 2023 denying Ms. Lane's motion to be reinstated to practice before the Executive Office of Immigration Review on the grounds that it was not in accordance with law and/or to hold unlawful and set aside **8 C.F.R. § 1001.1(f)**, upon which the denial was solely based, as not in accordance with law.

COMPLAINT - 1

## JURISDICTION

2. This being a civil action against the United States arising under the Administrative Procedure Act, **5 U.S.C. § 701** et seq., a law of the United States, original jurisdiction over this matter is vested in this Court by **28 U.S.C. § 1331**.

## VENUE

3. Venue is appropriate in this district both because the Department of Justice resides here, **28 U.S.C. § 1391(e)(1)(A),** and because a substantial part of the events giving rise to the claim, namely the enactment of **5 U.S.C. § 500(b),** as well as the rule making pertaining to, and the adoption of, **8 C.F.R. § 1001.1(f)**, occurred in the District of Columbia. **28 U.S.C. § 1391(e)(1)(B)**.

## DESCRIPTION OF PARTIES

4. Nejla Kassandra Lane is an individual who is a member in good standing of the bar of the highest court of the state of Illinois, and a resident of that state.

5. The U.S. Department of Justice is a department of the United States, residing in the District of Columbia.

6. The Executive Office of Immigration Review is an agency within the Department of Justice which adjudicates removal proceedings and related actions pertaining to various U.S. immigration matters, residing in the state of Virginia.

7. The Board of Immigration Appeals is a tribunal within the Executive Office of Immigration Review which, among other things, adjudicates requests by persons who have been

COMPLAINT - 2

suspended from representing individuals before Board of Immigration Appeals, the Immigration Courts and the Department of Homeland Security, for reinstatement of their authority to so represent. It resides in Virginia.

## BRIEF STATEMENT OF RELEVANT FACTS

8. On September 11, 1967, Congress enacted Public Law 90-83 which, among other things, amended Title 5 of the United States Code to provide that:

    § 500 …

    (b) An individual who is a member in good standing of the bar of the highest court of a State may represent a person before an agency on filing with the agency a written declaration that he is currently qualified as provided by this subsection and is authorized to represent the particular person in whose behalf he acts.

9. On December 30, 2003, the Department of Justice published in the Federal Register a proposed amendment to 8 C.F.R. § 1001.1 providing that:

    (f) The term attorney means any person who is a member in good standing of the bar of **the highest court of any State**, possession, territory, Commonwealth, or the District of Columbia, and is not under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting him in the practice of law, and who is registered to practice with the Executive Office for Immigration Review pursuant to 8 CFR 1292.1. (Emphasis added).

    68 Fed. Reg. 75160, 75163. (Dec. 30, 2003).

10. The Federal Register, at that time, was (and still is) published by the Office of the Federal Register, which then resided (and still does) in Washington, D.C.

11. On July 30, 2008, the Department of Justice again proposed this amendment, in the same manner as in 2003. 73 Fed Reg. 44178, 44186 (July 30, 2008).

12. On December 18, 2008, the Department of Justice finally adopted this amendment, effective January 20, 2009, again through publication by the Office of the Federal Register in the Federal Register. 73 Fed Reg. 76914, 76922 (Dec. 18, 2008).

COMPLAINT - 3

13. On September 25, 2023, Nejla Kassandra Lane, following a period of suspension of practice before the Board of Immigration Appeals, the Immigration Courts and the Department of Homeland Security, filed a motion with the Board of Immigration Appeals to be reinstated to the representation of persons before these agencies and that tribunal, respectively.

14. It was undisputed that at that time she was a member in good standing of the bar of the highest court of Illinois.

15. Nevertheless, on November 1, 2023, the Board denied her motion because

> the respondent does not currently meet the federal regulatory definition of attorney at 8 C.F.R. § 1001.1(f). Specifically, the respondent has not established she "is not under any order suspending, enjoining, restraining, disbarring, or otherwise restricting [her] in the practice of law."
>
> See attached Exhibit A.

## CAUSES OF ACTION

I. The denial of Ms. Lane's motion was not in accordance with law because it was contrary to 5 U.S.C. § 500(b), inasmuch as she was at the time of the filing of her motion, and of the Decision, a member in good standing of the bar of the highest court of a State, which she remains to this day. Ms. Lane is not restricted to practice law in the State of Illinois.

16. Nejla Kassandra Lane on September 23, 2023, on November 1, 2023, and today, met and meets all the requirements contained in **5 U.S.C. § 500(b)** to represent a person before the Board of Immigration Appeals, the Immigration Courts and the Department of Homeland Security.

17. In particular, she is a member in good standing of the bar of the highest court of the State of Illinois.

COMPLAINT - 4

18. **5 U.S.C. § 500(b)** does not require that one establish that she "is not under any order suspending, enjoining, restraining, disbarring, or otherwise restricting her in the practice of law."

19. While **5 U.S.C. § 500(d)** provides in relevant part that " This section does not—… (2) authorize or limit the discipline, including disbarment, of individuals who appear in a representative capacity before an agency", the definition of "attorney" which Ms. Lane supposedly failed to satisfy does not pertain to the discipline of attorneys which appear before the Board of Immigration Appeals, the Immigration Courts or the Department of Homeland Security but rather is applicable to all person who wish to represent persons before those agencies or tribunal regardless of whether they have been, or might be, subject to discipline.

20. **5 U.S.C. § 706** provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> (1)    compel agency action unlawfully withheld or unreasonably delayed; and
> (2)    hold unlawful and set aside agency action, findings, and conclusions found to be—
>        (A)    arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**WHEREFORE,** the Board of Immigration Appeals' decision of November 1, 2023, denying Nejla Kassandra Lane's motion for reinstatement, should be held unlawful and set aside as not in accordance with law.

COMPLAINT - 5

II. The Department of Justice's adoption of **8 U.S.C. § 1001.1(f)** should be held unlawful and set aside as not in accordance with law

21. **8 U.S.C. § 1001(f)** constitutes an invalid effort to add to the statute a requirement neither expressly, nor implicitly, provided in **5 U.S.C. § 500(b)**. *See United States v. George*, 228 U.S. 14, 21 (1913), finding a regulation invalid because "[i]t is manifest that the regulation adds a requirement which that section does not, and which is not justified by § 2246.", *Royer's Inc. v. United States*, 265 F.2d 615, 618 (3d Cir. 1959) ("It seems quite clear to us that the regulation when looked at in the light of the statute, as the statute stands after the 1942 amendment, does, as the taxpayer says, add an additional requirement which Congress did not put there. The regulation is, therefore, necessarily invalid."). Accord, *Carroll v. DeBuono*, 998 F. Supp. 190, 197 (N.D.N.Y. 1998).

22. The provision in **8 U.S.C. § 1001.1(f)** defining "attorney" to not include a person under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting him in the practice of law adds requirements to **5 U.S.C. § 500(b)** neither expressly, nor implicitly, provided in that section.

**WHEREFORE**, the Department of Justice's adoption of **8 C.F.R. 1001.1(f)** should be held unlawful and set aside as not in accordance with law, and Ms. Lane's motion for reinstatement should be re-adjudicated without reference to this unlawful regulation.

III. To compel the BIA to re-adjudicate Ms. Lane's motion for reinstatement forthwith

23. The BIA, by unlawfully denying Ms. Lane's said motion for reinstatement, has unlawfully withheld a lawful decision in this matter, contrary to **5 U.S.C. § 706(1).**

COMPLAINT - 6

**WHEREFORE,** the Court should compel the BIA to make a lawful decision on Nejla Kassandra Lane's said motion for reinstatement forthwith.

Respectfully Submitted,

/s/ *Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiffs
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

COMPLAINT - 7